IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL P. ALLEN, | ) | CASE NO. 1:13 CV 171 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

**A.   Nature of the case and proceedings**

Before me[1] is an action by Michael P. Allen under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Pursuant to my initial[5] and procedural[6] orders, the parties have

---

[1] ECF # 13. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 4.

[6] ECF # 12.

briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

**B.    Background facts and decision of the Administrative Law Judge ("ALJ")**

Allen, who was 52 years old at the time of the ALJ's decision,[11] is a high school graduate with some additional vocational training.[12] The ALJ found that Allen's past relevant work was as a hand packager, a boxing machine operator, and as an industrial cleaner.[13]

The ALJ, whose decision became the final decision of the Commissioner, found that Allen had the following severe impairments: an affective disorder and an anxiety disorder.[14]

After concluding that the relevant impairments did not meet or equal a listing,[15] the ALJ made the following finding regarding Allen's residual functional capacity ("RFC"):

> The claimant had no exertional limitations during the period at issue but he did have some nonexertional limitations. More specifically, during the period at issue, the claimant was limited to jobs involving no more than simple, routine,

---

[7] ECF # 15 (Commissioner's brief); ECF # 14 (Allen's brief); ECF # 16 (Allen's reply brief).

[8] ECF # 15-1 (Commissioner's charts); ECF # 14-2 (Allen's charts).

[9] ECF # 14-1 (Allen's fact sheet).

[10] ECF # 18.

[11] *See*, ECF # 14 at 2 (citing transcript).

[12] *Id.* (citing transcript).

[13] Transcript ("Tr.") at 45.

[14] *Id.* at 38.

[15] *Id.* at 41.

      repetitive tasks; and to jobs where he would not have to make work-related decisions more than occasionally: and to jobs where he would not have to interact with members of the public or co-workers more than occasionally; and to jobs where he would be permitted to be "off task" up to five percent of the workday.[16]

Based on that residual functional capacity, the ALJ found Allen capable of his past relevant work and, therefore, not under a disability.[17]

However, in addition to that finding, the ALJ asked a vocational expert ("VE") if jobs existed in the economy for an individual with Allen's age, education, work experience, and RFC.[18] After the VE testified that a significant number of jobs existed in the local and national economy for an unskilled worker with Allen's RFC at the medium and light exertional levels,[19] the ALJ, on this alternative basis, again found Allen not under a disability.[20]

**C.     Issues on judicial review**

Allen asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Allen presents the following issues for judicial review:

---

[16] *Id.* at 41.

[17] *Id.* at 45-46.

[18] *Id.* at 47.

[19] *Id.* at 46-48.

[20] *Id.* at 48.

- The ALJ erred when he discounted the Plaintiff's credibility.[21]

- The ALJ failed to give a valid reason for failing to give the greatest weight to the treating sources.[22]

- The ALJ did not carry his burden at Step Five of the Sequential Evaluation.[23]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be reversed, with the matter remanded for further proceedings.

## Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

---

[21] ECF # 14 at 16.

[22] *Id.* at 18.

[23] *Id.* at 20.

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[24]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[25] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[26]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2.  *Treating physician rule and good reasons requirement*

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from

---

[24] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[25] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[26] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

> objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[27]

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[28]

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[29] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[30]

The regulation does cover treating source opinions as to a claimant's exertional limitations and work-related capacity in light of those limitations.[31] Although the treating source's report need not contain all the supporting evidence to warrant the assignment of controlling weight to it,[32] nevertheless, it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive such weight.[33] In deciding if such

---

[27] 20 C.F.R. § 404.1527(d)(2).

[28] *Id.*

[29] *Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004).

[30] *Id.*

[31] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003), citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2nd Cir. 2003).

[32] *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

[33] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

supporting evidence exists, the Court will review the administrative record as a whole and may rely on evidence not cited by the ALJ.[34]

In *Wilson v. Commissioner of Social Security*,[35] the Sixth Circuit discussed the treating source rule in the regulations with particular emphasis on the requirement that the agency "give good reasons" for not affording controlling weight to a treating physician's opinion in the context of a disability determination.[36] The court noted that the regulation expressly contains a "good reasons" requirement.[37] The court stated that to meet this obligation to give good reasons for discounting a treating source's opinion, the ALJ must do the following:

- State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record.

- Identify evidence supporting such finding.

- Explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight that should be given to the treating source's opinion.[38]

The court went on to hold that the failure to articulate good reasons for discounting the treating source's opinion is not harmless error.[39] It drew a distinction between a

---

[34] *Id.* at 535.

[35] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

[36] *Id.* at 544.

[37] *Id.*, citing and quoting 20 C.F.R. § 404.1527(d)(2).

[38] *Id.* at 546.

[39] *Id.*

-7-

regulation that bestows procedural benefits upon a party and one promulgated for the orderly transaction of the agency's business.[40] The former confers a substantial, procedural right on the party invoking it that cannot be set aside for harmless error.[41] It concluded that the requirement in § 1527(d)(2) for articulation of good reasons for not giving controlling weight to a treating physician's opinion created a substantial right exempt from the harmless error rule.[42]

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[43] recently emphasized that the regulations require two distinct analyses, applying two separate standards, in assessing the opinions of treating sources.[44] This does not represent a new interpretation of the treating physician rule. Rather it reinforces and underscores what that court had previously said in cases such as *Rogers v. Commissioner of Social Security*,[45] *Blakley v. Commissioner of Social Security*,[46] and *Hensley v. Astrue*.[47]

---

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (2013).

[44] *Id.* at 375-76.

[45] *Rogers*, 486 F.3d at 242.

[46] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2009).

[47] *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

As explained in *Gayheart*, the ALJ must first consider if the treating source's opinion should receive controlling weight.[48] The opinion must receive controlling weight if (1) well-supported by clinical and laboratory diagnostic techniques and (2) not inconsistent with other substantial evidence in the administrative record.[49] These factors are expressly set out in 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). Only if the ALJ decides not to give the treating source's opinion controlling weight will the analysis proceed to what weight the opinion should receive based on the factors set forth in 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (3)-(6) and §§ 416.927(c)(2)(i)-(ii), (3)-(6).[50] The treating source's non-controlling status notwithstanding, "there remains a presumption, albeit a rebuttable one, that the treating physician is entitled to great deference."[51]

The court in *Gayheart* cautioned against collapsing these two distinct analyses into one.[52] The ALJ in *Gayheart* made no finding as to controlling weight and did not apply the standards for controlling weight set out in the regulation.[53] Rather, the ALJ merely assigned the opinion of the treating physician little weight and explained that finding by the secondary

---

[48] *Gayheart*, 710 F.3d at 376.

[49] *Id.*

[50] *Id.*

[51] *Rogers*, 486 F.3d at 242.

[52] *Gayheart*, 710 F.3d at 376.

[53] *Id.*

criteria set out in §§ 1527(c)(i)-(ii), (3)-(6) of the regulations,[54] specifically the frequency of the psychiatrist's treatment of the claimant and internal inconsistencies between the opinions and the treatment reports.[55] The court concluded that the ALJ failed to provide "good reasons" for not giving the treating source's opinion controlling weight.[56]

> But the ALJ did not provide "good reasons" for why Dr. Onady's opinions fail to meet either prong of this test.
>
> To be sure, the ALJ discusses the frequency and nature of Dr. Onady's treatment relationship with Gayheart, as well as alleged internal inconsistencies between the doctor's opinions and portions of her reports. But these factors are properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight.[57]

In a nutshell, the *Wilson/Gayheart* line of cases interpreting the Commissioner's regulations recognizes a rebuttable presumption that a treating source's opinion should receive controlling weight.[58] The ALJ must assign specific weight to the opinion of each treating source and, if the weight assigned is not controlling, then give good reasons for not giving those opinions controlling weight.[59] In articulating good reasons for assigning weight other than controlling, the ALJ must do more than state that the opinion of the treating

---

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] *Rogers*, 486 F.3d 234 at 242.

[59] *Blakley*, 581 F.3d at 406-07.

physician disagrees with the opinion of a non-treating physician[60] or that objective medical evidence does not support that opinion.[61]

The failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason for the weight assigned denotes a lack of substantial evidence even if the decision of the ALJ may be justified based on the record.[62] The Commissioner's *post hoc* arguments on judicial review are immaterial.[63]

Given the significant implications of a failure to properly articulate (*i.e.*, remand) mandated by the *Wilson* decision, an ALJ should structure the decision to remove any doubt as to the weight given the treating source's opinion and the reasons for assigning such weight. In a single paragraph the ALJ should state what weight he or she assigns to the treating source's opinion and then discuss the evidence of record supporting that assignment. Where the treating source's opinion does not receive controlling weight, the decision must justify the assignment given in light of the factors set out in §§ 1527(d)(1)-(6).

The Sixth Circuit has identified certain breaches of the *Wilson* rules as grounds for reversal and remand:

---

[60] *Hensley*, 573 F.3d at 266-67.

[61] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-52 (6th Cir. 2010).

[62] *Blakley*, 581 F.3d at 407.

[63] *Wooten v. Astrue*, No. 1:09-cv-981, 2010 WL 184147 (N.D. Ohio Jan. 14, 2010).

- the failure to mention and consider the opinion of a treating source,[64]

- the rejection or discounting of the weight of a treating source without assigning weight,[65]

- the failure to explain how the opinion of a source properly considered as a treating source is weighed (*i.e.*, treating v. examining),[66]

- the elevation of the opinion of a nonexamining source over that of a treating source if the nonexamining source has not reviewed the opinion of the treating source,[67]

- the rejection of the opinion of a treating source because it conflicts with the opinion of another medical source without an explanation of the reason therefor,[68] and

- the rejection of the opinion of a treating source for inconsistency with other evidence in the record without an explanation of why "the treating physician's conclusion gets the short end of the stick."[69]

The Sixth Circuit in *Blakley*[70] expressed skepticism as to the Commissioner's argument that the error should be viewed as harmless since substantial evidence exists to support the ultimate finding.[71] Specifically, *Blakley* concluded that "even if we were to agree

---

[64] *Blakley*, 581 F.3d at 407-08.

[65] *Id.* at 408.

[66] *Id.*

[67] *Id.* at 409.

[68] *Hensley*, 573 F.3d at 266-67.

[69] *Friend*, 375 F. App'x at 551-52.

[70] *Blakley*, 581 F.3d 399.

[71] *Id.* at 409-10.

that substantial evidence supports the ALJ's weighing of each of these doctors' opinions, substantial evidence alone does not excuse non-compliance with 20 C.F.R. § 404.1527(d)(2) as harmless error."[72]

In *Cole v. Astrue*,[73] the Sixth Circuit reemphasized that harmless error sufficient to excuse the breach of the treating source rule only exists if the opinion it issues is so patently deficient as to make it incredible, if the Commissioner implicitly adopts the source's opinion or makes findings consistent with it, or if the goal of the treating source regulation is satisfied despite non-compliance.[74]

### B. Application of standards

This case presents another situation involving the weight given to the opinion of a treating medical source. Here, the ALJ never specifically recognized Thomas Svete, M.D., as Allen's treating psychiatrist when the ALJ gave his opinion lesser weight than was given to the opinions of the state agency reviewing physicians and a consulting physician.[75]

Here, the Commissioner has essentially argued that the ALJ gave a good reason for discounting Dr. Svete's opinion when he found it was inconsistent with those of the state agency reviewing physicians and the consulting physician.[76] Further, the Commissioner

---

[72] *Id.* at 410.

[73] *Cole v. Astrue*, 661 F.3d 931 (6th Cir. 2011).

[74] *Id.* at 940.

[75] Tr. at 44.

[76] ECF # 15 at 13-14.

contends, in effect, that any error in the treatment of Dr. Svete's opinion is harmless because that opinion was irrelevant because it was formed without reference to Allen's marijuana use, which he purportedly kept hidden from Dr. Svete.[77]

As regards any reliance on Allen's marijuana use as a basis for justifying the ALJ's treatment of Dr. Svete's opinion, I note first that the ALJ himself gave no such reason for the decision to give Dr. Svete's opinion only lesser weight. Indeed, as the Commissioner's counsel conceded at oral argument, the ALJ makes no reference to Allen's marijuana use anywhere in the decision under any context. Attempting in a brief to fashion an argument for the first time that exists nowhere in the opinion being reviewed is the textbook definition of impermissible *post hoc* rationalization.

While the treating source good reasons rule recognizes a harmless error exception for source opinions that are so patently deficient as to make them incredible,[78] the Sixth Circuit teaches that "where an ALJ relies on a doctor's opinion in part, the opinion cannot then be considered patently defective."[79] Here, the ALJ did not totally reject Dr. Svete's opinions by assigning them no weight, but rather he accepted them up to a point, ascribing "lesser" weight to Dr. Svete's opinion than to the other opinions previously mentioned. In such a case, the "patently deficient" harmless error exception does not apply.

---

[77] *Id.* at 12.

[78] *Cole*, 661 F.3d at 940.

[79] *Hatmaker v. Comm'r of Soc. Sec.*, __F. Supp. 2d __, 2013 WL 4046288, at *6 (E.D. Tenn. Aug. 7, 2013) (citing Cole, 661 F.3d at 940).

Thus, even if there were potential reasons in the record for discounting Dr. Svete's opinion on the grounds that it failed to account for Allen's marijuana use, the ALJ's failure to explicitly say so in the opinion precludes the Commissioner from now asserting that as a "good reason," and the fact that the ALJ at least gave partial weight to Dr. Svete's findings means that the ALJ's failure to articulate a good reason for the weight given cannot be excused on the grounds that Dr. Svete's opinion was patently deficient.

Further, to the extent the ALJ's opinion does articulate a reason for assigning lesser weight to Dr. Svete's opinion, that reason is not a good one. The ALJ's discussion of the lesser weight given to Dr. Svete's conclusions appears to rest on the observation that if Allen were as impaired as Dr. Svete opined, "the record would show more mental health treatment than this record shows."[80]

However, the Sixth Circuit cautions that an "ALJ must be careful not to assume that a patient's failure to receive mental health treatment evidences a tranquil state of mind. For some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself."[81] Although it may well be that significant chronological gaps in treatment are evidence of a less severe disorder that required less aggressive care, the absence of any detailed discussion on this point in Allens's case means that this assumption remains merely an assumption by the ALJ – the very thing which *White v. Commissioner of Social Security* warns against.

---

[80] Tr. at 40.

[81] *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009).

In sum, the fact is that I cannot base my judicial review on any *post hoc* rationalization that allegedly supports the weight given to Dr. Svete's opinion, nor are there good reasons for me to find his opinion patently deficient or reasonably discounted on the basis of a mere assumption on frequency of treatment. Thus, I must conclude that the decision here as to Dr. Svete does not conform to the good reasons requirement of the treating source rule nor to any recognized harmless error exception.

## Conclusion

Substantial evidence does not support the finding of the Commissioner that Allen had no disability. Accordingly, the decision of the Commissioner denying Allen disability insurance benefits is reversed and the matter remanded for further proceedings.

IT IS SO ORDERED.

Dated: March 17, 2014                               s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge